**Affirmed and Majority and Concurring Opinions filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-19-00097-CR**
**NO. 14-19-00098-CR**
**NO. 14-19-00099-CR**
**NO. 14-19-00100-CR**

---

**PATRICK DEON SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause Nos. 17557, 17675, 17814, and 17908**

---

## C O N C U R R I N G   O P I N I O N

Appellant Patrick Deon Smith moved the trial court to allow him to withdraw his "guilty" plea, asserting that he was not informed that the range of punishment would be 25 years to life and that he did not understand that to be the applicable range of punishment. The trial court denied the motion. On appeal, appellant argues that the trial court abused its discretion in denying the motion

because the trial court did not give proper consideration to appellant's impaired mental condition in light of Dr. Cantu's competency evaluation report allegedly stating that appellant was confused about how to plead to the charges against him. Appellant argues in this court that the trial court failed to consider that his mental illness and intellectual disabilities compromised his ability to understand the applicable range of punishment.

The Texas Rules of Appellate Procedure require that to preserve error for appellate review, the record must show that the party raised the complaint in the trial court by a timely request, objection, or motion in which the party stated the grounds for the ruling the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Under this preservation-of-error rule, each complaint appellant raises on appeal must comport with a complaint he raised in the trial court. *See Clark*, 365 S.W.3d at 339.

In the trial court appellant asserted that he was not informed of the range of punishment and that he did not understand that the applicable range of punishment was 25 years to confinement for life. Appellant did not argue in the trial court that his mental illness and intellectual disabilities compromised his ability to understand the applicable range of punishment. Appellant did submit Dr. Cantu's competency evaluation report in support of his motion to withdraw his "guilty" plea, nor did appellant refer to the report. To the extent appellant now relies on Dr. Cantu's report or argues that appellant's mental illness and intellectual disabilities prevented him from understanding the range of punishment, appellant did not preserve error in the trial court. *See id*. Appellant preserved error on his complaint that he was not informed of the applicable range of punishment, but this complaint

lacks merit because the record shows that appellant was informed of the applicable range of punishment.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Bourliot, J., majority).

Publish — TEX. R. APP. P. 47.2(b).